UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-07627-JLS-CTS Date: November 24, 2026
Title: David Allan Skalsky v. TikTok Inc. et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
| --- | --- |
| Deputy Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| --- | --- |
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING TIKTOK DEFENDANTS' AND FANATICS DEFENDANTS' MOTION FOR SANCTIONS (Doc. 41) AND DENYING AS MOOT TIKTOK DEFENDANTS' MOTION TO DISMISS (Doc. 44)**

Before the Court are two motions. On November 12, 2026, Defendants TikTok Inc., ByteDance Inc., and TikTok USDS Joint Venture LLC (collectively, the "TikTok Defendants") filed a motion for sanctions under Federal Rule of Civil Procedure 11, in which Defendants Fanatics LLC, Fanatics Collectibles Intermediate Holdco Inc., Fanatics Holdings, Inc., and Fanatics SPV, LLC (collectively, the "Fanatics Defendants") joined. (Mot. for Sanctions, Doc. 41; Joinder, Doc. 46.) That same day, the TikTok Defendants filed a motion to dismiss Plaintiff David Allan Skalsky's complaint. (Mot. to Dismiss, Doc. 44.) Meanwhile, Skalsky and the Fanatics Defendants stipulated to a schedule in which Skalsky would file an amended complaint and Defendants would respond thereafter. (Corrected Stip., Doc. 28.) The Court granted that stipulation and ordered Skalsky to file an amended complaint by November 20, 2026, and Defendants to respond to that amended complaint by January 7, 2027. (Order on Corrected Stip., Doc. 47.) Skalsky timely filed the operative First Amended Complaint ("FAC"). Based on the posture of this case, and for the following reasons, the Court DENIES AS MOOT the TikTok Defendants' motion to dismiss and DENIES the TikTok Defendants' and Fanatics Defendants' motion for sanctions.

The motion to dismiss requires little discussion. When a plaintiff amends his pleading, the new pleading "supersedes" the old one, and the "original pleading no longer performs any function in the case." *Royal Canin U.S.A., Inc. v. Wullschleger*,

604 U.S. 22, 35 (2025) (quoting 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476 (3d ed. 2010)). A motion to dismiss directed at a superseded complaint therefore has nothing left to challenge. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (concluding that a motion to dismiss directed at a superseded complaint "should have been deemed moot" by the district court). Because the TikTok Defendants' motion to dismiss is directed at a superseded complaint, the Court DENIES AS MOOT the motion to dismiss. Defendants may renew their challenges by motion, to the extent they are applicable, in response to Skalsky's FAC by January 7, 2027. (Order on Corrected Stip. at 2.)

As to the motion for sanctions, the Court concludes that it is premature. When a complaint is the focus of a Rule 11 motion, the Court asks "(1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry' before signing and filing it." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (citation omitted). Here, the TikTok Defendants' and Fanatics Defendants' motion for sanctions turns on the first question, and their answer to it is functionally an argument on the merits. The TikTok Defendants contend that Skalsky's central allegations are false—i.e., that he lawfully sold licensed merchandise, and that TikTok removed his content for reasons other than infringement. (Mot. for Sanctions at 19–23.) To prove this contention, the TikTok Defendants proffer evidence outside the pleadings, including internal infringement reports, trademark registrations, and Skalsky's bankruptcy petition. (*See* Decl. of Samuel Eddy Exs. 1–28, Docs. 41-2 to 41-29; Decl. of Isabella L. Solórzano Ex. 5, Doc. 41-35.) The TikTok Defendants' charge of legal baselessness, in turn, rests on trademark law and on the same defense under § 230 of the Communications Decency Act that underlies their motion to dismiss. (*Compare* Mot. for Sanctions at 23–26, *with* Mot. to Dismiss at 2.) The Fanatics Defendants join the TikTok Defendants on substantially the same premises, arguing that Skalsky's sales on TikTok were not "licensed and lawful." (Joinder at 2, 4.) Stripped to its essentials, the motion for sanctions asks the Court to hold that Skalsky's claims fail on the facts and the law.

Rule 11 is not the appropriate vehicle for that determination. A motion for sanctions "should not be employed . . . to test the legal sufficiency or efficacy of the

allegations in the pleadings; other motions are available for those purposes." Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment; *see* 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1335 (4th ed. 2018) ("Rule 11 should not be used to raise issues as to the legal sufficiency of a claim or defense that more appropriately can be disposed of by a [dispositive] motion . . . or a trial on the merits."); *see also Cont'l Recs., LLC. v. Royalty Fam., Inc.*, 2023 WL 9319230, at *3 (C.D. Cal. Dec. 13, 2023) ("The problem with Defendants' Motion for Sanctions is that it seeks [to] litigate the substantive validity of Plaintiff's claims before those issues have been assessed on the merits."). Consistent with that principle, when the challenged paper is a pleading, the sanctions question "normally will be determined at the end of the litigation." Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment. The posture here shows why.

The TikTok Defendants' and Fanatics Defendants' motion for sanctions targets a complaint that no longer governs, and the FAC revises at least one allegation at the center of the sanctions dispute. (*Compare* Compl. ¶ 143, Doc. 1 (alleging that Skalsky "was fully licensed and authorized by the NFLPA [National Football League Players Association]"), *with* FAC ¶ 215 (alleging that Skalsky "was not personally licensed by the NFLPA").) To be sure, Skalsky's amendment does not moot the motion. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) (explaining that a "violation of Rule 11 is complete when the paper is filed" (citation omitted)). But it confirms that resolving the motion for sanctions would require the Court to judge the merits of a superseded pleading before any Defendant has responded to the operative one, and before the viability of any of Skalsky's claims or Defendants' defenses have been resolved on the merits. Courts in similar postures have declined to make such substantial and factual legal determinations at the pleading stage as premature. *See Rodriguez v. Serv. Emps. Int'l*, 2010 WL 3464365, at *2 (N.D. Cal. Sept. 1, 2010) (denying Rule 11 motion as "premature" where plaintiffs had filed amended pleading and defendants had not yet moved to dismiss it); *Wingle v. United States*, 2005 WL 2604184, at *5 (E.D. Cal. Oct. 13, 2005) (denying similar Rule 11 motion as premature). The Court similarly declines to do so here.

Accordingly, the Court DENIES without prejudice the TikTok Defendants' and Fanatics Defendants' motion for sanctions.

Initials of Deputy Clerk: kd